**Freddie Lee HALL,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Offender Rehabilitation; Richard Dugger, Superintendent of Florida State Prison at Starke, Florida; and Jim Smith, Attorney General of the State of Florida, Respondents-Appellees.**

**No. 86–3073.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 17, 1986.

David I. Bruck, Columbia, S.C., for petitioner-appellant.

Robert J. Landry, Asst. Atty. Gen. of Florida, Tampa, Fla., for respondents-appellees.

Before RONEY, Chief Judge, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

This is the second appeal from a denial of federal habeas corpus relief to Freddie Lee Hall, a Florida convict sentenced to death for first degree murder. On the first appeal, *Hall v. Wainwright,* 733 F.2d 766 (11th Cir.1984), *cert. denied,* 471 U.S. 1111, 105 S.Ct. 2346, 85 L.Ed.2d 862 (1985), this Court remanded to the district court for an evidentiary hearing on two issues: (1) the effect of Hall's alleged absence from various stages of his trial; and (2) whether Hall had deliberately by-passed his claim of ineffective assistance of counsel during his post-conviction proceeding in state court. On remand, the district court found that Hall's absences from trial occurred in non-critical stages and were therefore harmless, and that he deliberately by-passed the ineffective assistance of counsel claim. We affirm.

### I. *Hall's Absence From the Courtroom*

"The right of a criminal defendant to be present at all critical stages of his trial is a fundamental constitutional right." *Proffitt v. Wainwright,* 685 F.2d 1227, 1260 n. 49 (11th Cir.1982), *modified on reh'g,* 706 F.2d 311 (11th Cir.), *cert. denied,* 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 697

(1983). If a constitutional error is established, the conviction must be reversed unless the State can prove the error harmless beyond a reasonable doubt. *Proffitt*, 685 F.2d at 1260 n. 49 (citing *United States v. Stratton*, 649 F.2d 1066, 1080 (5th Cir. 1981)).

Hall claims that he was absent at two stages of his trial. The first absence occurred during the general qualifications of the jury. The second alleged absence occurred during a colloquy between the trial judge and the jury which, during deliberation, requested certain pieces of evidence.

## A. Absence during general qualifications of the jury.

 The trial judge ordered that Hall be kept out of the courtroom during the general qualifications of the jurors. Hall was shackled because he had previously attempted escape and to avoid prejudice, Hall was kept in a smaller courtroom. He was present at all times during the individual qualifications of the jurors. This procedure was discussed with counsel for both sides, was not objected to, and Hall's counsel participated in the general qualification process. The procedure was explained to Hall.

The district court found that Hall was present during all of the substantive *voir dire*. This factual finding is not clearly erroneous. Fed.R.Civ.P. 52(a). The district court's decision that the absence found in this case was at a non-critical stage and therefore harmless under the circumstances of this case is supported by the record.

## B. Absence During Jury Request for Evidence.

 The record reflects that on June 22, 1978, the jury interrupted its deliberations and requested to see certain items of evidence. The jury was instructed to prepare a list and to present it to the bailiff, which it did on the following morning. Before the evidence could be provided to the jury, a verdict was returned less than one hour after deliberations began on June 23, the day after the request.

Hall alleges that he was absent during the colloquy with the jury and that had he been present he would have insisted that the jury receive the requested evidence. In trying the issue of fact as to whether or not Hall was present when the request for evidence was made, the district court was uncertain. The court said that, although it believed that Hall was present, it was unable to make such a finding based on the testimony given at the evidentiary hearing. The court then decided, however, that even if Hall was absent during the colloquy, it was a non-critical stage of the proceeding and therefore harmless beyond a reasonable doubt.

 Although Hall had the burden of proving his absence, *United States v. Bokine*, 523 F.2d 767 (5th Cir.1975), it is assumed that Hall was absent for the purpose of this decision. The determination of whether a constitutional error is harmless presents a mixed question of fact and law. *Proffitt*, 685 F.2d at 1259 n. 48 (citing *cf. United States v. Dixon*, 593 F.2d 626, 629 (5th Cir.1979) (decision whether error is harmless requires examination of facts, context of error, and prejudice created thereby juxtaposed against strength of evidence of guilt)). In reviewing mixed questions of fact and law the court is free to substitute its own judgment for that of the district court. *Proffitt*, 685 F.2d at 1259 n. 48. "Where there is any reasonable possibility of prejudice from the defendant's absence at any stage of the proceedings, a conviction cannot stand." *Estes v. United States*, 335 F.2d 609, 618 (5th Cir.1964), *cert. denied*, 379 U.S. 964, 85 S.Ct. 656, 13 L.Ed.2d 559 (1965); *Proffitt*, 685 F.2d at 1260.

The record supports the district court's decision as to harmlessness, Hall's counsel was present during the colloquy. It is clear that the jury decided to reach a decision notwithstanding the fact that it had made a request to view the evidence. It could have expected to receive this evidence had it chosen to wait. Hall's claim

that he would have insisted that the jury be given the requested evidence would not override the jury's decision to continue deliberation without getting a response to its request.

### II. *Deliberate By-Pass of Ineffective Assistance of Counsel Claim*

■ Since the record on the prior appeal did not show that Hall had deliberately by-passed the state court by failing to present evidence on his claim of ineffective assistance of counsel at the Florida 3.850 proceeding, this case was remanded for an evidentiary hearing on this issue. *Hall v. Wainwright,* 733 F.2d at 776.

After listening to the testimony and observing the demeanor of the witnesses, the district court found that: (1) Hall's counsel was fully prepared for the post-conviction hearing; (2) Hall's counsel chose not to put on any testimony as a matter of tactics; (3) Hall's counsel made a deliberate, premeditated decision prior to the day of trial not to present evidence on the issue of ineffective assistance of counsel; and (4) the state court ruled that Hall had deliberately by-passed the issue. The district court concluded that Hall's claim had been deliberately by-passed.

The record supports this finding. Hall's 3.850 counsel testified that he had reviewed the trial transcript, dictated a list of 59 questions that needed to be discussed with trial counsel, and interviewed trial counsel before the 3.850 hearing. When given the opportunity to present evidence, Hall's counsel stated that he chose not to do so as a matter of tactics. The state trial court found that Hall chose not to present evidence for either tactical or stategical reasons. The Florida Supreme Court agreed. *Hall v. State,* 420 So.2d 872 (Fla.1982). The findings of the district court are based on evidence in the record, ample to support the refusal to consider the ineffective assistance of counsel claim because of a deliberate by-pass of the state proceedings.

AFFIRMED.