PER CURIAM.
We have for review Lowry v. State, 468 So.2d 298 (Fla. 4th DCA 1985), which directly and expressly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
The district court held that a comment made by the prosecutor during closing argument was fairly susceptible of construction as a comment upon Lowry’s right to remain silent. The court then cited the eases of Clark v. State, 363 So.2d 331 (Fla.1978); Bennett v. State, 316 So.2d 41 (Fla.1975); and Trafficante v. State, 92 So.2d 811 (Fla.1957), for the proposition that remarks that are fairly susceptible of construction as a comment upon the right to remain silent constitute per se reversible error without resort to the harmless error rule.
We have since receded from the per se reversible rule espoused in Clark, Bennett, and Trafficante and re-established the harmless error standard. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, we remand this cause to the Fourth District Court of Appeal with instructions to determine whether the comment regarding Lowry’s right to remain silent was harmless beyond a reasonable doubt in accordance with the test set forth in DiGuilio.
Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.
Id. at 1139.
If the error is harmless, the district court of appeal should affirm the trial court. Otherwise, the judgment of the trial court should be reversed and a new trial granted. It is so ordered.
MCDONALD, C.J., and ADKINS, OVER-TON, SHAW and BARKETT, JJ„ concur.
BOYD, J., dissents with an opinion, in which EHRLICH, J., concurs.