515 So.2d 173 (1987)
William Lee THOMPSON, Petitioner,
v.
Richard DUGGER, Respondent.
William Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 70739, 70781.
Supreme Court of Florida.
September 9, 1987.
Rehearing Denied December 7, 1987.
*174 Larry Helm Spalding, Capital Collateral Representative, and Mark E. Olive, Chief Asst. Capital Collateral Representative, Office of The Capital Collateral Representative, Tallahassee, and Michael L. Von Zamft of Kubicki, Bradley, Draper, Gallagher & McGrane, Miami, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Kaplan, Capital Collateral Coordinator and Calvin L. Fox, Asst. Atty. Gen., Miami, for respondent/appellee.
PER CURIAM.
William Lee Thompson appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion to vacate judgment and sentence of death. He also petitions this Court for a writ of habeas corpus and a stay of execution from his second death warrant. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We conclude that the recent United States Supreme Court decision in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), requires this Court to reverse the denial of his 3.850 motion and remand this cause for new sentencing proceedings. In light of our ruling on Thompson's 3.850 motion, the petition for habeas corpus is moot. We continue the stay of execution previously entered.
This is now Thompson's fourth appearance before us. Thompson initially pled guilty to first-degree murder, kidnapping, and involuntary sexual battery. We allowed him to withdraw his plea on voluntariness grounds and remanded the case for further proceedings. Thompson v. State, 351 So.2d 701 (Fla. 1977). He then entered a second plea of guilty to these offenses. An advisory jury was empaneled in the sentencing phase and recommended the death sentence, which the judge imposed. We affirmed the conviction and sentence in Thompson v. State, 389 So.2d 197 (Fla. 1980). Thompson filed a 3.850 motion and we affirmed denial of relief in Thompson v. State, 410 So.2d 500 (Fla. 1982). Thompson then petitioned for federal habeas corpus relief, and the state waived any claim that Thompson had failed to exhaust state remedies. Multiple claims were raised and relief was denied by the United States District Court, and the Eleventh Circuit Court of Appeals affirmed. See Thompson v. Wainwright, 787 F.2d 1447 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987).
We address Thompson's claim in the present rule 3.850 post-conviction proceeding that involves the failure of the sentencing judge to allow presentation and jury consideration of nonstatutory mitigating circumstances in the sentencing phase. It directly concerns the principles of law set forth by the United States Supreme Court in its recent decision in Hitchcock v. Dugger. The Supreme Court had granted certiorari to determine whether Hitchcock was correct in contending that his sentence of death under a Florida statute was inconsistent with the requirement that any relevant mitigating evidence may be considered. The United States Supreme Court's unanimous opinion noted that "other Florida judges conducting sentencing proceedings during roughly the same period believed that Florida law precluded consideration of nonstatutory mitigating circumstances." Id. 107 S.Ct. at 1823. As in the instant case, the trial judge in Hitchcock instructed the jury on the statutory mitigating circumstances, without mentioning nonstatutory evidence of mitigation that had been introduced. The Supreme Court concluded "that the advisory jury was instructed not to consider, and the sentencing judge refused to consider, evidence of nonstatutory mitigating circumstances, and that the proceedings therefore did not comport with the requirements of Skipper v. South Carolina [476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986)] Eddings v. Oklahoma [455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982)] and Lockett v. Ohio [438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978)]." Id. 107 S.Ct. at 1824 (citations omitted). The Court concluded that, in *175 light of the fact that no showing of harmless error was made, the exclusion of the nonstatutory mitigating evidence rendered the death sentence invalid. We note that Hitchcock did present some nonstatutory mitigating evidence to the jury and defense counsel commented on it in closing argument.
We hold we are required by this Hitchcock decision to re-examine this matter as a new issue of law. The Eleventh Circuit, in Thompson v. Wainwright, 787 F.2d 1447 (11th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 1986, 95 L.Ed.2d 825 (1987), considered multiple issues including the same mitigating evidence issue presented to the United States Supreme Court. Because the Eleventh Circuit denied relief on this issue, the state argues that even though the United States Supreme Court ruling is contrary to the holding of the Eleventh Circuit, the procedural default rule applies. We reject this argument. In Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), we held that only a state supreme court or the United States Supreme Court can effect a sufficient change of law to merit a subsequent postconviction challenge to a final conviction and sentence. Id. at 931. We had previously ruled in a similar fashion as the Eleventh Circuit. Hitchcock v. State, 432 So.2d 42 (Fla. 1983). We find that the United States Supreme Court's consideration of Florida's capital sentencing statute in its Hitchcock opinion represents a sufficient change in the law that potentially affects a class of petitioners, including Thompson, to defeat the claim of a procedural default.
Thompson's sentencing occurred in September of 1978. The United States Supreme Court, in June of 1978, had released Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), which held unconstitutional Ohio's capital sentencing statute limiting mitigating circumstances to those enumerated in the statute itself. In December of that year, three months after Thompson's sentencing, this Court directly addressed the issue in Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), construing our statute as allowing nonstatutory mitigating circumstances to be considered by both the jury and the judge in the sentencing proceeding. We subsequently held in Harvard v. State, 486 So.2d 537 (Fla.), cert. denied, ___ U.S. ___, 107 S.Ct. 215, 93 L.Ed.2d 144 (1986), that "an appellant seeking post-conviction relief is entitled to a new sentencing proceeding when it is apparent from the record that the sentencing judge believed that consideration was limited to the mitigating circumstances set out in the capital sentencing statute in determining whether to impose a sentence of death or life imprisonment without parole for twenty-five years." Id. at 539.
Our review of the trial court record in the instant cause reveals, first, that the state, in its closing arguments to the advisory sentencing jury listed the statutory mitigating circumstances as those which the jury could consider in its deliberations. Second, Mr. Thompson's defense counsel, in his closing arguments, attempted to advise the jury that, although the statute limited aggravating circumstances to those explicitly set out, it did not so limit the mitigating circumstances. The state objected to this statement and the trial court sustained the objection.[*] The trial judge instructed the jury as to mitigating circumstances in the same manner as the trial judge did in Hitchcock. Under these circumstances, we have no alternative but to conclude Mr. Thompson's death sentence was imposed in violation of Lockett, and in violation of the United States Supreme Court's Hitchcock decision. We find he is *176 entitled to a new sentencing hearing. On Mr. Thompson's remaining contentions, we find that procedural default operates to bar any challenge here; these issues have been presented and have been previously resolved in the federal courts when the state waived exhaustion of state remedies.
Accordingly, we remand this cause for a new sentencing hearing by a new jury at which time Mr. Thompson shall be allowed to present all appropriate nonstatutory mitigating evidence. We direct that this sentencing hearing be completed and the sentence imposed within ninety days from the date this opinion is final. We find the habeas corpus petition moot and continue the stay of execution pending final disposition of this case.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The record reveals the following exchange:

[DEFENSE COUNSEL]: I am going to review with you, just for a moment, certain worse, damaging, aggravating circumstances shall be limited to the following and that's what you heard from [the prosecutor]. It says, "Limited to the following."
Although it says, "mitigating circumstances shall be the following," it doesn't say, "limited to." So, you can consider other elements.
[PROSECUTOR]: Objection.
THE COURT: Sustained.