514 So.2d 1092 (1987)
Bennie DEMPS, Petitioner,
v.
Richard L. DUGGER, Respondent.
No. 71363.
Supreme Court of Florida.
October 30, 1987.
*1093 Larry Helm Spalding, Capital Collateral Representative and Mark E. Olive, Chief Asst., Office of Capital Collateral Representative, and Robert Augustus Harper, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
Bennie Demps, under sentence of death and execution warrant, petitions this Court for a writ of habeas corpus and stay of execution. We have jurisdiction. Art. V, §§ 3(b)(1) and (9), Fla. Const. We deny the petition.
This is Demps' second death warrant and fourth appearance before this Court. We affirmed his conviction for first-degree murder and sentence of death in Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). We reversed the trial court's summary denial of a motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure, and remanded for an evidentiary hearing in Demps v. State, 416 So.2d 808 (Fla. 1982). We subsequently affirmed the trial court's denial of post conviction relief in Demps v. State, 462 So.2d 1074 (Fla. 1984).
Demps now argues that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court found reversible error where the jury was instructed to consider only the statutorily enumerated mitigating circumstances, and where the trial court refused to consider nonstatutory mitigating circumstances. The state argues that Demps is procedurally barred. We recently rejected this argument in Thompson v. Dugger, 515 So.2d 173 (Fla. 1987), holding that Hitchcock represents a sufficient change in the law to defeat a claimed procedural default.
The trial court erred in instructing the jury that, "[t]he mitigating circumstances you may consider if established by the evidence are as follows: [recites statutory list]." Hitchcock. The court, however, allowed Demps to present mitigating evidence that he was in the United States Marine Corps; that he was wounded in combat; that he was addicted to narcotics when admitted into the correctional system; and that he presented "no problem" during his seven years at the Florida State Prison. A "mere presentation" of nonstatutory mitigating evidence is insufficient in the face of an improperly restrictive jury instruction under Hitchcock. However, we have recently held that a harmless error analysis is applicable in such cases. Delap v. Dugger, 513 So.2d 659 (Fla. 1987). See also, Hitchcock; Downs v. Dugger, 514 So.2d 1069 (Fla. 1987); Riley v. Wainwright, No. 69,563 (Fla.Sept. 3, 1987); Morgan v. State, 515 So.2d 975 (Fla. 1987); McCrae v. State, 510 So.2d 874 (Fla. 1987).
Having reviewed the record, we find that the presentence investigation report, considered by the court, countered much of the nonstatutory mitigating evidence. It indicated that Demps was dishonorably discharged from the marine corps, and that he had a prison record of disciplinary problems. Although Demps argued that he was addicted to drugs when admitted into the prison system in 1971, there was no evidence that he was under the influence of drugs at the time of the murder. The defense also argued the three codefendant's sentences were disparate. However, as we noted in the initial appeal, only Demps "had the loathsome distinction of *1094 having been previously convicted of the first-degree murder of two persons and attempted murder of another, escaping the gallows only through the intervention of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)." Demps, 395 So.2d at 506. The trial court weighed these previous convictions as an aggravating factor along with the factor that Demps committed the crime while under sentence of imprisonment.[*]
Demps claims that the trial court failed to consider nonstatutory mitigating circumstances since his sentencing order did not specifically address such circumstances. We rejected a similar argument in Card v. Dugger, 512 So.2d 829 (Fla. 1987). It is clear that the sentencing judge understood that Demps was entitled to the benefit of nonstatutory mitigating circumstances. The following colloquy took place prior to the sentencing hearing:
MR. CARROLL [defense counsel]: ... .
... .
So my contention would be that the State is limited to the introduction of aggravating evidence, as it should be; but that the defendant may in his behalf enter anything, which under the totality of circumstances test would go to mitigation.
THE COURT: There's no doubt that the statute uses the term limited as far as to aggravating circumstances and does not use that term, of course, mitigating. The case law on it boils down to not only the mitigating factors enumerated in the statute, but any relevant information that would go to mitigation.
It is also clear that the trial judge properly understood and exercised his independent judgment in making his determination. This is evident from the fact that the judge overrode the jury's recommendation of death as to codefendant Jackson, while imposing the recommendation of death as to Demps.
We are able to say beyond a reasonable doubt that, after weighing the aggravating factors against the statutory and nonstatutory mitigating factors, the judge would have properly imposed death, regardless of a life recommendation. We therefore find that the erroneous jury instruction was harmless. Accordingly, we deny all relief. No petition for rehearing will be entertained.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
There is no debate over whether there was error at the sentencing phase of Demps' trial. As the state and the majority concede, the instruction given to the jury is identical to that given in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), and thus violative of the teachings of the United States Supreme Court in Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). That instruction expressly restricted what evidence in mitigation the jury may consider in rendering its advisory sentence. As has been clarified in Hitchcock, such a limitation on the jury's role is impermissible. The majority today concedes this error, but labels it harmless error, reasoning that, even though the jury was misdirected, the true sentencer, the judge, did appear to consider non-statutory mitigating evidence. Because this holding is contrary to the United States Supreme Court, as well as several of our own holdings, I dissent.
Any time a court delves into the speculative area of harmless error, a complete, extensive review of the record is necessary. The time should be taken to do so for the simple reason that harmless error, by its very nature, requires a complete reweighing of the evidence by the appellate court. To hold that an error is harmless beyond a *1095 reasonable doubt presumes that there is nothing in the record which would raise any reasonable doubt as to that conclusion.
Under the standards established by this Court in Tedder v. State, 322 So.2d 908 (Fla. 1975), a jury's recommendation must be given great weight. The majority's disposition of the Hitchcock error in this case relegates the jury's role to one of minimal weight, rather than great weight, as required by Tedder. Had the jury been permitted to consider everything in mitigation, it cannot be said beyond a reasonable doubt that the jury would have recommended death. And if the jury had returned with an advisory sentence of life, that recommendation would be entitled to great weight. Such a jury recommendation could only be overridden upon a clear and convincing showing that virtually no reasonable person could differ from a death recommendation.
At the sentencing proceeding, Demps offered evidence that, upon his return from Viet Nam, he was an alcoholic and drug dependent, caused by the stress of combat in the far east. Had the jury been permitted to consider this, as well as the fact that the state was not asking for the death penalty for one of Demps' accomplices who was equally or more culpable than he, it cannot be said beyond a reasonable doubt that the jury would not have returned a life sentence recommendation. And, had the jury returned such an advisory sentence, it would, under Tedder, be entitled to great weight.
Under these circumstances, I cannot say that beyond a reasonable doubt the trial judge would have sentenced Demps to death, had the jury returned a life sentence recommendation. I would vacate the death sentence and remand for a new sentencing proceeding before a jury and the judge.
BARKETT, J., concurs.
NOTES
[*] The trial court also found that the murder was committed for pecuniary gain and was heinous, attrocious and cruel. This Court rejected these factors in the initial appeal. Demps, 395 So.2d 501 (Fla. 1981).