515 So.2d 196 (1987)
Bennie DEMPS, Appellant,
v.
STATE of Florida, Appellee.
No. 71402.
Supreme Court of Florida.
November 4, 1987.
Larry Helm Spalding, Capital Collateral Representative, and Mark Evan Olive, Chief Asst., Office of the Capital Collateral Representative, Tallahassee, and Robert A. Harper, Tallahassee, for appellant.
*197 Robert A. Butterworth, Atty. Gen., and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Bennie Demps, under sentence of death and execution warrant, appeals the trial court's summary denial of post-conviction relief under Florida Rule of Criminal Procedure 3.850 and stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
This is Demps' second death warrant and fifth appearance before this Court. We affirmed his conviction for first-degree murder and sentence of death in Demps v. State, 395 So.2d 501 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). We reversed the trial court's summary denial of a motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure, and remanded for an evidentiary hearing in Demps v. State, 416 So.2d 808 (Fla. 1982). We subsequently affirmed the trial court's denial of post-conviction relief in Demps v. State, 462 So.2d 1074 (Fla. 1984). Demps recently petitioned this Court for habeas corpus relief which we denied. Demps v. Dugger, 514 So.2d 1092 (Fla. 1987).
Demps filed with the trial court an emergency motion to vacate judgment and sentence with special request for leave to amend, motion for stay of execution, and request for continuance of evidentiary hearing. The court issued the following order denying all relief:
Notwithstanding the fact that defendant has previously and unsuccessfully sought relief under Rule 3.850 Fl.R.Cr.P. from his 1978 death sentence, and also notwithstanding the fact that the instant 3.850 Motion violates the provisions of such Rule by its having been filed subsequent to January 1, 1987, this Court, during the evening of November 2, 1987, immediately after receiving this Motion and continuing during the morning hours of November 3, 1987, has carefully reviewed this Motion, the several opinions previously written by the Supreme Court of Florida in this case, and cases and material cited and referred to in this Motion. This Court finds nothing in the instant Motion that either should not or could not have been raised in either the prior direct appeal or in the prior Motion for Post Conviction Relief.
Recognizing that the execution of this sentence now set for November 5, 1987 will result in the death of defendant, this Court has also studied the instant Motion to ascertain if any extraordinary circumstances were presented to suggest intervention by this Court under the inherent power of the Court to grant such relief, and no such circumstances are found.
The defendant in this case has received the benefit of every constitutional right and privilege available, and the judgment and sentence have been upheld both on direct appeal and by later affirmance after the Court ordered evidentiary hearing on a portion of the prior Motion for Post Conviction Relief.
There is absolutely no reason to further study, further plead, or hold hearings or further delay this case.
It is therefore ORDERED and ADJUDGED that the Emergency Motion to Vacate Judgement and Sentence with Special Request for Leave to Amend, Motion for Stay of Execution, and Request for Continuance of Evidentiary Hearing in all respects is hereby denied.
Demps' was required under the rule to request post-conviction relief by January 1, 1987, since his conviction and sentence became final prior to January 1, 1985. Relief is now procedurally barred unless Demps alleges facts previously unknown and not discoverable, or raises a newly established fundamental constitutional right. Rule 3.850.
Demps argues that relief should be granted because the trial court denigrated the jury's role in violation of the United States Supreme Court's recent decision in Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Caldwell is not a sufficient change in the law to overcome a procedural bar. Copeland v. Wainwright, 505 So.2d 425 (Fla. 1987); Aldridge v. State, 503 So.2d 1257 (Fla. 1987).
Demps next alleges that, after repeated requests, the state withheld evidence *198 impeaching witness Hathaway's credibility. He claims that he only recently obtained the information after invoking the Florida Public Records Act, Chapter 119, Florida Statutes (1985). The act was equally available to Demps prior to January 1, 1987, the cut off date for post-conviction relief in the instant case. Rule 3.850 bars an untimely petition based on information previously ascertainable through the exercise of due diligence. Further, Demps argued on direct appeal and in his first proceeding for post-conviction relief that the state induced Hathaway's trial testimony. These issues are now barred.
Demps also claims that he was denied notice and an opportunity to rebut a presentencing investigation report, and that his trial counsel was ineffective for failing to impeach Hathaway and for failing to present certain mitigating evidence. These issues could have and should have been raised either on direct appeal or in Demps' first request for post conviction relief, and are therefore procedurally barred. See Rule 3.850; Quince v. State, 477 So.2d 535 (Fla. 1985).
Accordingly, we approve the trial court's order and deny all relief. No petition for rehearing will be entertained.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, specially concurring.
I concur in the conclusion that the trial court's denial of appellant's most recent 3.850 motion should be affirmed. However, I adhere to the views expressed in my dissent in Demps v. Dugger, 514 So.2d 1092 (Fla. 1987).
BARKETT, J., concurs.