522 So.2d 345 (1988)
Alvin Bernard FORD, Appellant,
v.
STATE of Florida, Appellee.
Alvin Bernard FORD, Etc., Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Nos. 70467, 70793.
Supreme Court of Florida.
February 18, 1988.
Rehearing Denied April 20, 1988.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Chief Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Laurin A. Wollan, Jr., Tallahassee, and Richard H. Burr, III, New York City, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen., and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee/respondent.
PER CURIAM.
Alvin Bernard Ford appeals the denial of a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and also petitions this Court for a writ of habeas corpus in connection with the death sentence imposed upon him. We have jurisdiction. Art. V, §§ 3(b)(1), 3(b)(2), 3(b)(9), Fla. Const.
Ford and three others robbed a restaurant in Ft. Lauderdale. His accomplices left the scene when they realized that the police were coming. Ford elected to stay behind to rifle the safe. When a policeman arrived, Ford shot him twice in the stomach. Thereupon, Ford asked the wounded officer for the keys to his police car and then shot him in the head at close range. After taking the keys, Ford made a high speed escape. The jury found him guilty and recommended death. The judgment and sentence of death were affirmed in *346 Ford v. State, 374 So.2d 496 (Fla. 1979), cert. denied, 445 U.S. 972, 100 S.Ct. 1666, 64 L.Ed.2d 249 (1980).

APPEAL FROM DENIAL OF MOTION FOR POSTCONVICTION RELIEF
In the motion for postconviction relief, Ford argued that contrary to the dictates of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), the jury's responsibility in his capital sentencing procedure was denigrated because the jury was told that its function was to give only an advisory opinion. This claim should have been raised, if at all, on appeal because Caldwell did not represent a change in the law upon which to justify a collateral attack. Copeland v. Wainwright, 505 So.2d 425 (Fla.), vacated on other grounds, ___ U.S. ___, 108 S.Ct. 55, 98 L.Ed.2d 19 (1987); Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Moreover, Ford's claim could not be sustained on its merits because, unlike Caldwell, in Florida the judge rather than the jury is the ultimate sentencing authority. Combs v. State, No. 68,477 (Fla. Feb. 18, 1988).

PETITION FOR HABEAS CORPUS
Ford claims that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court found reversible error where the jury was instructed to consider only statutorily enumerated mitigating circumstances and where the trial court declined to consider nonstatutory mitigating circumstances. Ford is not barred from raising this claim since Hitchcock represents a sufficient change in law to defeat a suggestion of procedural default. Thompson v. State, 515 So.2d 173 (Fla. 1987).
At Ford's trial, the court gave the jury an instruction on aggravating and mitigating circumstances which was essentially the same as that deemed to be erroneous in Hitchcock. However, it appears that the trial judge was aware that nonstatutory mitigating circumstances could be considered because in the sentencing order he stated: "There are no mitigating circumstances existing  either statutory or otherwise  which outweigh any aggravating circumstances, to justify a sentence of life imprisonment rather than a sentence of death."[1] (Emphasis added.) Therefore, the question is whether the giving of the erroneous jury instruction can be deemed harmless error. Hitchcock; Delap v. Dugger, 513 So.2d 659 (Fla. 1987).
The trial judge found eight aggravating circumstances, which were reduced to five by this Court on appeal. There were no statutory mitigating circumstances. The evidence of nonstatutory mitigating circumstances consisted only of testimony that Ford had helped his mother with the support of their family and the opinion of a psychiatrist (1) that even though Ford was intelligent he was frustrated by his inability to perform some jobs due to dyslexia, (2) that as a consequence he became depressed and changed his lifestyle to that of "eat, drink and be merry for tomorrow I will die," and (3) that it was possible over a period of many years he could be rehabilitated. Thus, we are able to say, beyond a reasonable doubt, that even with a proper jury instruction on nonstatutory mitigation, the jury could not have reasonably made a recommendation for life imprisonment.[2]
*347 It is also noteworthy that in his sentencing order the trial judge said: "Indeed, it is difficult to imagine a crime which is more heinous, atrocious and cruel and under our existing law it is deserving of no sentence but death." We are also convinced beyond a reasonable doubt that the judge would have sentenced Ford to death regardless of whether the jury had made a life recommendation. See Demps v. Dugger, 514 So.2d 1092 (Fla. 1987).
Accordingly, we affirm the denial of the motion for postconviction relief, and we deny the petition for writ of habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
I respectfully dissent from the majority opinion for the following reasons.
Mr. Ford was convicted and sentenced in December of 1974, four years before Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) was decided by the United States Supreme Court. In Lockett, the Court held, for the first time, that it was reversible error for a sentencer not to consider all relevant mitigating circumstances whether they are enumerated in a statute or not. The majority declares that the trial court's erroneous instructions to the jury were harmless error because the trial judge must have considered the proffered nonstatutory mitigating evidence. Thus, according to the majority's opinion, the trial judge was able to predict a change in death sentencing law four years before it occurred. Because this ignores both reality and reason, I must dissent.
I cannot say, beyond a reasonable doubt, that the concededly erroneous jury instruction and the judge's failure to allow the jury to consider nonstatutory mitigation are harmless. The majority opinion disregards the role of the jury in the capital sentencing proceeding as mandated by our decision in Tedder v. State, 322 So.2d 908 (Fla. 1975).[1] Rather, the majority opinion turns on a solitary, offhand statement made by the trial judge[2] which contradicts his own instructions to the jury. We must assume that the trial judge followed his own instructions on the law to be applied at the time of sentencing. It is clear that if the trial judge instructed the jury to consider only statutory mitigating evidence, then logically, that is what he considered.
It is crucial in deciding that the error in the sentencing proceeding was harmless, to determine whether all of the mitigating circumstances (statutory or nonstatutory) outweigh the valid aggravating circumstances. Yet, the majority declines to even examine one of the proffered nonstatutory mitigating factors, indeed probably the most important of those circumstances. The majority opinion omits any reference to the psychiatric testimony presented during the sentencing phase as to the nonstatutory mitigating circumstances that Mr. Ford had contemplated suicide and was using cocaine and heroin during the period of time leading up to the murder. While it is impossible to say whether this evidence would have outweighed the aggravating circumstances, it is equally impossible to say that the result would, beyond a reasonable doubt, be the same in a new, properly conducted, sentencing proceeding. Nonetheless, the majority's attempt to engage in harmless error analysis is faulty in light of the fact that it neglects to even address all of the nonstatutory mitigating evidence presented. Before calling any error harmless beyond a reasonable doubt, it is axiomatic that the entire record be reviewed. The majority's failure to do so casts significant doubt upon the conclusion that the error was harmless.
*348 Accordingly, I would grant the writ of habeas corpus, vacate the sentence of death, and remand this action to the trial court for a new, valid sentencing proceeding.
BARKETT, J., concurs.
NOTES
[1] The Eleventh Circuit Court of Appeals interpreted the statement in the same manner when it observed that the "order reflects the trial judge's perception that there was no restriction against the use of any nonstatutory mitigating evidence offered by Ford." Ford v. Strickland, 696 F.2d 804, 813 (11th Cir.), cert. denied, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983)
[2] Once again, our conclusion is buttressed by the opinion in Ford v. Strickland. In that case, the federal appeals court concluded that the instruction given at Ford's trial on nonstatutory mitigating evidence was not erroneous. However, as an alternative ground, the majority opinion also concurred with the opinion of Judge Godbold that because the nonstatutory mitigating evidence was unpersuasive, it made no difference that under the instruction the jury had probably not considered it. While the later opinion of the United States Supreme Court in Hitchcock rendered invalid the majority view that the instruction was proper, Judge Godbold's opinion as adopted by the majority remains fully applicable.
[1] See Demps v. State, 515 So.2d 196 (Fla. 1987) (Kogan, J., dissenting).
[2] The judge stated, in the sentencing order that "[t]here are no mitigating circumstances existing  either statutory or otherwise... ."