531 So.2d 76 (1988)
Freddie Lee HALL, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 71284.
Supreme Court of Florida.
May 12, 1988.
Rehearing Denied July 20, 1988.
David I. Bruck of Bruck & Blume, Columbia, S.C., for petitioner.
Robert A. Butterworth, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Freddie Lee Hall, a prisoner under sentence of death, petitions this Court for a writ of habeas corpus. We have jurisdiction pursuant to sections 3(b)(1) and 3(b)(9) of article V of the state constitution and deny the petition.
A jury convicted Hall of first-degree murder and recommended that he be sentenced to death, which the trial court did. This Court affirmed both the conviction and sentence. Hall v. State, 403 So.2d 1321 (Fla. 1981). After the signing of his *77 death warrant, Hall filed a motion for post-conviction relief. We affirmed the trial court's denial of that motion. Hall v. State, 420 So.2d 872 (Fla. 1982). On petition for writ of habeas corpus the federal district court denied relief. Hall v. Wainwright, 565 F. Supp. 1222 (M.D.Fla. 1983). The eleventh circuit affirmed in part and reversed in part the district court's decision and remanded for a hearing. Hall v. Wainwright, 733 F.2d 766 (11th Cir.1984), cert. denied, 471 U.S. 1107, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985). On remand the district court denied relief, and the circuit court affirmed. Hall v. Wainwright, 805 F.2d 945 (11th Cir.1986). Hall recently sought certiorari review in the United States Supreme Court based on Hitchcock v. Dugger, 481 U.S. 383, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), which that Court denied. Hall v. Dugger, ___ U.S. ___, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987).
In the instant petition Hall argues that he should receive a new sentencing proceeding under Hitchcock because the trial judge limited his consideration, and that of the jury, to the statutorily enumerated mitigating circumstances.[1] Hall's trial took place very shortly before the filing of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). As Hall points out now, his trial court instructed the jury only on the statutory mitigating factors and made no reference to nonstatutory mitigation. We find any error, however, harmless beyond a reasonable doubt.
Hall argues that the following nonstatutory mitigating evidence should have been considered: 1) his not being the triggerman and his testimony that he did not intend the victim's death; 2) his attempt to dissuade his accomplice from beating and killing the victim; 3) his taking the police to the body and voluntarily admitting his involvement; 4) his use of alcohol and drugs; 5) his offering no resistance when arrested; and 6) the weakness of the evidence not foreclosing doubts as to his guilt. Hall presented this evidence through his testimony at sentencing, so the jury and judge heard it. Suggesting that this evidence would have made a difference to the judge or jury, who also heard Hall testify that the twenty-one-year old, seven-month pregnant victim was on her knees begging for her life when she was shot, is speculative at best. When balanced against the aggravating factors,[2] this nonstatutory mitigating evidence is very weak. Even if this evidence had been considered, and instructed upon, we are convinced beyond a reasonable doubt that it would have been given little weight[3] and that Hall's sentence would have been no different. Tafero v. Dugger, 520 So.2d 287 (Fla. 1988); Ford v. State, 522 So.2d 345 (Fla. 1988); Booker v. Dugger, 520 So.2d 246 (Fla. 1988); Delap v. Dugger, 513 So.2d 659 (Fla. 1987). We hold, therefore, that no relief is warranted under Hitchcock, and we deny the petition for habeas corpus.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
KOGAN, Justice, dissenting.
It is ironic that the majority considers Hall's argument to be "speculative at best" *78 when it is the majority opinion that engages in speculation. There is absolutely no question that the jury was improperly precluded from considering and the sentencing judge did not consider the substantial evidence of nonstatutory mitigating circumstances present in this case. Any harmless error analysis is, by nature, an exercise in speculation. In this case, I cannot say beyond a reasonable doubt that the result would have been the same regardless of the proper consideration of the nonstatutory mitigating factors.
Hall presented, but the jury was precluded from considering, the following nonstatutory mitigating circumstances: 1) his not being the triggerman and his testimony that he did not intend the victim's death; 2) his attempt to dissuade his accomplice from beating and killing the victim; 3) his taking the police to the body and voluntarily admitting his involvement; 4) his offering no resistance when arrested; and 5) the weakness of the evidence not foreclosing doubts as to guilt. In addition, the record shows that Hall was under the influence of marijuana, pills, beer, and brandy at the time of the crime. Hall v. State, 403 So.2d 1321, 1324 (Fla. 1981). While it is true, as this Court held on initial review of the sentence, that this evidence may not amount to proof of the statutory mitigating circumstances of diminished capacity and extreme emotional disturbance, see section 921.141(6)(b) and (f), Florida Statutes (1977), there is clearly enough testimony to allow the consideration of this evidence as a nonstatutory mitigating factor.
Thus, in light of all these nonstatutory mitigating circumstances, the majority somehow concludes that the judge and jury would have ignored them or given them no weight. I cannot discern what prompted this conclusion other than speculation over the weight to be given these factors. The conclusion that these six mitigating factors are entitled to no weight defies logic, reason and reality.
In State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), this Court delineated the presumably rare circumstances when the harmless error doctrine should apply to render otherwise reversible errors not reversible. In that case, we held that the state must shoulder the burden of proving beyond a reasonable doubt that the error did not contribute to the conviction or, as in this case, the sentence. There must be no reasonable possibility that the error contributed to any extent to the verdict or sentence. Correctly applied, this places an extremely heavy burden on the state, as beneficiary of the error, to prove that the error was harmless.
This Court stressed in DiGuilio that the applicability of the harmless error rule directly concerns the due process right to a fair trial. The harmless error rule allows the state to conduct an unfair proceeding without having to correct that unfairness. It is axiomatic that such a rule must be very carefully applied and applied only when the state has proven beyond a reasonable doubt that the error did not contribute to the conviction or sentence. Here, the rule has not been properly applied, and the state has not fulfilled its burden to show there is no reasonable possibility that the failure to consider significant mitigating evidence did not contribute to the decision to impose the death sentence.
In characterizing the error in this case as harmless, the majority effectively states that it will ignore a precedent of the United States Supreme Court, Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). Under the majority's analysis, it is difficult to envision an occasion when there is enough nonstatutory mitigating evidence to overcome harmless error. Certainly if this case, with six nonstatutory mitigating circumstances and only three aggravating circumstances, is not a case of prejudicial Hitchcock error, then there is no longer any situation that can constitute Hitchcock error. Whether or not this was the intent of the majority it is wrong.
The effect of this decision is to evade the requirements of Hitchcock for the sake of expediency. This evasion is justified by neither the law nor the facts of this case. Therefore, I must strenuously dissent. I would grant the writ, vacate the sentence *79 of death, and remand this case for a new sentencing proceeding before a judge and jury.
SHAW and BARKETT, JJ., concur.
NOTES
[1] Hall raised the same claim under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), in the federal courts, which found it to have no merit. Hall v. Wainwright, 565 F. Supp. 1222, 1242-43 (M.D.Fla. 1983); Hall v. Wainwright, 733 F.2d 766, 774-75 (11th Cir.1984), cert. denied, 471 U.S. 1107, 105 S.Ct. 2344, 85 L.Ed.2d 858 (1985). As stated in the text, the United States Supreme Court denied review on a Hitchcock v. Dugger, 481 U.S. 383, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), claim, so the instant case is the first time this claim has been examined under Hitchcock.
[2] The trial court found three aggravating factors: prior conviction of violent felony; committed during kidnapping and robbery; and heinous, atrocious, or cruel.
[3] The sentencer determines the weight to be accorded evidence at sentencing. Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); Hall v. Wainwright, 733 F.2d at 775. See Stano v. State, 460 So.2d 890 (Fla. 1984), cert. denied, 471 U.S. 1111, 105 S.Ct. 2347, 85 L.Ed.2d 863 (1985).