542 So.2d 1324 (1989)
John O'CALLAGHAN, Appellant,
v.
STATE of Florida, Appellee.
John O'CALLAGHAN, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
Nos. 70112, 71949.
Supreme Court of Florida.
April 20, 1989.
David M. Lipman of Lipman & Weisberg, Miami, and Jonathan Lang of Yeager & Lang, New York City, for appellant/petitioner.
Robert A. Butterworth, Atty. Gen., and Richard G. Bartmon, Asst. Atty. Gen., West Palm Beach, for appellee/respondent.
PER CURIAM.
John O'Callaghan appeals the trial court's denial of his motion for relief pursuant to Florida Rule of Criminal Procedure 3.850 and petitions this Court for a writ of habeas corpus.[1] We affirm the trial court's denial of O'Callaghan's rule 3.850 motion, but find we must grant his petition for a writ of habeas corpus due to a violation of Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We conclude that the Hitchcock error was not harmless and, consequently, we must remand the cause for a new sentencing proceeding before a new jury.
The facts reveal that, on the evening of August 20, 1980, John O'Callaghan, Walter Tucker, Gerald Vick, and Anthony Cox went into the kitchen of a bar. While in the kitchen, Tucker hit and kicked Vick, and Cox jumped on Vick many times. *1325 While the testimony varied concerning the amount of punishment inflicted by Tucker, the end result left Vick motionless on the floor. At that point, O'Callaghan and Cox placed Vick in a van, and Tucker and Cyndi LaPointe accompanied them in transporting Vick to a secluded area where Vick was shot, allegedly by O'Callaghan. Although there was conflicting testimony regarding certain facts in the case, there was substantial, competent evidence to support the jury's conviction of O'Callaghan for first-degree murder. In the penalty phase, the jury recommended a death sentence for O'Callaghan, which the trial judge imposed. That same jury convicted Tucker of second-degree murder. Tucker was sentenced to twenty years in prison for his involvement. The other two participants, Cyndi LaPointe and Anthony Cox, were granted immunity. We affirmed O'Callaghan's conviction and sentence on direct appeal in O'Callaghan v. State, 429 So.2d 691 (Fla. 1983), which contains a more detailed rendition of the facts.
O'Callaghan subsequently sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief without an evidentiary hearing. O'Callaghan appealed the trial court's denial of relief, petitioned for a writ of habeas corpus, and sought leave to file a petition for a writ of error coram nobis. We denied O'Callaghan's petition for a writ of habeas corpus, denied his application for leave to file a petition for a writ of error coram nobis, and affirmed the trial court's denial of his rule 3.850 motion on all grounds except the claim concerning ineffective trial counsel, which we remanded to the trial judge to conduct an evidentiary hearing. See O'Callaghan v. State, 461 So.2d 1354 (Fla. 1984). Upon remand, the trial court found that O'Callaghan's trial counsel was effective during the guilt phase, stating, in pertinent part:
The Court finds that the Defendant's trial counsel .. . has been shown to be a thoroughly competent and experienced capital litigator. The Court finds that [defense counsel] ... had adequate time to prepare for trial... . His extensive cross-examination of witnesses belies the claim that he was not prepared for trial. The Court further finds it noteworthy that the Defendant rather than evidencing displeasure with [trial counsel's] performance, specifically asked him to handle the direct appellate proceedings and the subsequent clemency proceedings on the Defendant's behalf... . The Court simply finds no basis whatsoever in the record or in the testimony and evidence presented before this Court to support the Defendant's claim that his trial counsel was legally ineffective during the guilt phase of his trial.
The trial court also found that trial counsel was effective in the penalty phase and rejected O'Callaghan's Caldwell claim.[2] While O'Callaghan's appeal to this Court was pending, O'Callaghan became aware that his trial counsel had been subject to bar disciplinary proceedings relating primarily to his ability to practice law as a result of an alcohol problem. Upon O'Callaghan's motion, we again remanded the matter to the trial court for consideration of the newly discovered evidence. On remand, the trial court denied relief without another evidentiary hearing and stated, in pertinent part:
Said disciplinary proceedings do not support the Defendant's claims in this cause in that the matters referred to therein are concerned almost entirely with a time subsequent to [defense counsel's] representation of the Defendant in this cause. Not only is there nothing in these disciplinary proceedings to support the Defendant's contention that [defense counsel] rendered him ineffective assistance of counsel, but the testimony at the evidentiary hearing, and this Court's own recollection of [defense counsel's] performance at the Defendant's trial, refute this contention.
The trial court concluded that O'Callaghan's counsel "vigorously and effectively represented his client during both phases of this capital litigation." We find no trial court error regarding the denial of all *1326 claims raised by O'Callaghan in his rule 3.850 motion.
On February 19, 1988, O'Callaghan filed in this Court a petition for a writ of habeas corpus seeking a new sentencing proceeding because his original one violated Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). We have stated on numerous occasions that a Hitchcock claim can be raised in postconviction relief proceedings because it represents a significant change in the law. See, e.g., Hall v. State, 541 So.2d 1125 (Fla. 1989); Cooper v. Dugger, 526 So.2d 900 (Fla. 1988); Thompson v. Dugger, 515 So.2d 173 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1224, 99 L.Ed.2d 424 (1988). Recently, we emphasized that all such claims filed after March 9, 1989, must be raised in a rule 3.850 motion. See Hall, at 1128. Although Hitchcock relief is no longer cognizable in petitions for habeas corpus relief, we consider this claim on the merits because it was filed prior to our Hall decision.
The jury instructions in the instant case clearly violated Hitchcock. Nothing suggests that the jury knew it could consider nonstatutory mitigating evidence during O'Callaghan's penalty phase. The next question is whether this error was harmless. We have previously applied the harmless error analysis to Hitchcock violations and found that the error in certain cases was not harmless, thus requiring a new sentencing proceeding. See, e.g., Hall v. State, 541 So.2d 1125 (Fla. 1989); Combs v. State, 525 So.2d 853 (Fla. 1988); Zeigler v. Dugger, 524 So.2d 419 (Fla. 1988); Mikenas v. Dugger, 519 So.2d 601 (Fla. 1988); Riley v. Wainwright, 517 So.2d 656 (Fla. 1987); Morgan v. State, 515 So.2d 975 (Fla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 2024, 100 L.Ed.2d 610 (1988); Downs v. Dugger, 514 So.2d 1069 (Fla. 1987). We have also found the error to be harmless in numerous cases. See, e.g., Clark v. State, 533 So.2d 1144 (Fla. 1988); Hall v. Dugger, 531 So.2d 76 (Fla. 1988); Jackson v. Dugger, 529 So.2d 1081 (Fla. 1988); Smith v. Dugger, 529 So.2d 679 (Fla. 1988); Ford v. State, 522 So.2d 345 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 1355, 103 L.Ed.2d 823; Tafero v. Dugger, 520 So.2d 287 (Fla. 1988); Booker v. Dugger, 520 So.2d 246 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2834, 100 L.Ed.2d 935 (1988); Demps v. Dugger, 514 So.2d 1092 (Fla. 1987); Delap v. Dugger, 513 So.2d 659 (Fla. 1987). The question in the instant case is whether the jury, in the penalty phase, knew it could take into consideration, as nonstatutory mitigating evidence, the disparate treatment and punishment given the other participants. We have previously held that the disparate sentencing of individuals involved in the same offense may be considered in determining an appropriate sentence. See, e.g., Downs; Gafford v. State, 387 So.2d 333 (Fla. 1980); Malloy v. State, 382 So.2d 1190 (Fla. 1979); Witt v. State, 342 So.2d 497 (Fla.), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977). Although the jury knew that Tucker would be sentenced for second-degree murder, that Cox had been granted immunity, and that LaPointe had not been charged with a crime, it did not know that this information could be considered in recommending an appropriate sentence for O'Callaghan. Applying the test set forth by this Court in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), we are unable to say that the error in this case was harmless.
In summary, we reject all of O'Callaghan's contentions with the exception of the Hitchcock claim. Accordingly, we affirm the trial court's denial of O'Callaghan's rule 3.850 motion for postconviction relief, grant O'Callaghan's petition for a writ of habeas corpus on the grounds of a Hitchcock violation, and direct that a new sentencing proceeding be held before a new jury within ninety days from the date this opinion becomes final.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
*1327 BARKETT, Justice, specially concurring.
I concur on the Hitchcock issue. I would also grant an evidentiary hearing on petitioner's claim of ineffective assistance of counsel.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(1) and (9), Fla. Const.
[2] See Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).