555 So.2d 441 (1990)
Blaine ELKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2932.
District Court of Appeal of Florida, Third District.
January 16, 1990.
Blaine Elkins, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
We adopt the following opinion denying the appellant's successive motion for relief from judgment pursuant to Florida Rule of Criminal Procedure 3.850:
1. On July 27, 1983, the defendant was charged by Indictment with First Degree Murder, Burglary of a Dwelling, and Robbery. On July 16, 1984, the defendant entered into a plea agreement with the State of Florida, where he pled guilty to the reduced charge of Second Degree Murder, and was sentenced to life in prison with the possibility of parole. The Burglary and Robbery charges were nolle prossed.
2. On July 25, 1985, the defendant filed his first motion to vacate, alleging ineffective assistance of counsel at the time of the initial plea and sentencing; namely, that his counsel failed to discuss the sentencing ramifications with him, and the possible applicability of the sentencing guidelines. The motion was denied without an evidentiary hearing on August 19, 1985. On September 19, 1986, an evidentiary hearing was conducted, and on November 10, 1986, the same motion was again denied. The defendant appealed, and on May 19, 1987, the Third District affirmed.

*442 3. On August 12, 1989, the defendant filed the present successive motion to vacate. The only ground is that the defendant's counsel did not advise him of the opportunity to select to be sentenced within the sentencing guidelines. The same issue was raised and denied in the defendant's prior 3.850 motion for post-conviction relief.
4. The Court finds that this successive motion should be denied because it is untimely, having been filed after January 1, 1987. See Rule 3.850 of the Florida Rules of Criminal Procedure. No facts have been alleged by the defendant upon which it could be inferred that the facts or the legal basis upon which the claim was predicated were unknown to the defendant. See Demps v. State, 515 So.2d 196 (Fla. 1987); Paez v. State, 512 So.2d 263 (Fla. 3d DCA 1987); Golphin v. State, 522 So.2d 1043 (Fla. 4th DCA 1988); Grooms v. State, 522 So.2d 445 (Fla. 1st DCA 1988).
5. The Court also finds that the present motion should be denied, because it is a successive motion which raises claims that were obviously known to the defendant at the time his prior motion was filed, and were raised by the defendant in his prior motion and denied. See Darden v. State, 496 So.2d 136 (Fla. 1986); Christopher v. State, 489 So.2d 22 (Fla. 1986); Witt v. State, 465 So.2d 510 (Fla. 1985).
6. Finally, the Court finds that this successive motion should be denied on its merits. The defendant was charged with First Degree Murder and facing the death penalty. The sentencing guidelines did not apply to his sentence, and was not an option from which he could select. According to the September 19, 1986, evidentiary hearing (attached to this Order as Exhibit A), the defendant was never offered a guideline plea. The defendant's only plea offer from the State was life in prison with the possibility of parole. Therefore, the defendant's counsel was under no obligation to advise the defendant of a plea offer under the sentencing guidelines that did not exist.
Affirmed.