PER CURIAM.
This is an appeal from denial of a 3.850 motion after a full evidentiary hearing which consumed approximately 5 days. In an order denying the post-conviction relief, among other things, the trial court found:
[[Image here]]
(4) That the defendant was not denied effective assistance of counsel, according to the guidelines set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
(5) The evidence presented by the defendant failed to establish that the acts or omission of his counsel caused prejudice to him or that the acts were substantial and of such serious deficiency as to be measurably below that of competent counsel.
(6) That the defendant failed to establish that, but for the errors of his counsel, there would be a reasonable probability of a different outcome to the trial.
(7) That in its evaluation of the testimony of all witnesses who testified at the eviden-tiary [hearing] the court found the testimony of the defendant, in large part, unbelievable. This is based upon the [court’s] ability to see and hear the defendant during the course of the trial and subsequent evidentiary hearing. The court believes the defendant to be intelligent and sophisticated in the ways of court procedure and defense strategy, and the court finds it wholly unbelievable that the defendant was not an active participant in the strategic decisions and plea decisions that affected his ease.
(8) That as to all the claims made by the defendant, the court is of the opinion that either individually or as a group that they are without merit and that the defendant has not been denied the due process of law.
(9) That as the trial judge, this court had a unique opportunity to observe the actions of defense counsel. This court determines that in all respects counsel conducted themselves professionally, competently and presented a vigorous defense. The court is satisfied that the attorneys representing this defendant provided a defense that was vastly superior to [a] “marginally competent performance”, which might justify a new trial for the defendant.
We have examined the some seven alleged errors by the trial court in the entry of this denial, and find no merit to any of them. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); O’Callaghan v. State, 542 So.2d 1324 (Fla.1989); Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988); State v. Lowry, 498 So.2d 427 (Fla.1986); Booker v. State, 441 So.2d 148 (Fla.1983); Steinhorst v. State, 412 So.2d 332 (Fla.1982); Knight v. State, 394 So.2d 997 (Fla.1981); Cooley v. State, 642 So.2d 108 (Fla. 3d DCA 1994); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992).
Therefore, the order denying the post-eon-viction relief be and the same is hereby affirmed.
Affirmed.