# Third District Court of Appeal

## State of Florida

Opinion filed March 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1136
Lower Tribunal No. F83-29429
_____

**Joseph Ramirez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Joseph Ramirez, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before EMAS, C.J., and FERNANDEZ, and MILLER, JJ.

MILLER, J.

Appellant, Joseph Ramirez, challenges the summary denial of his successive motion for postconviction relief, alleging newly discovered evidence under Florida Rule of Criminal Procedure 3.850. His motion below was grounded upon a claim that the testifying serologist at his trials, the final of which was conducted well over a decade ago, exaggerated her educational qualifications.[1] See Ramirez v. State, 75 So. 3d 739 (Fla. 3d DCA 2011). It is axiomatic this information, if indeed true, could have been discovered long ago through a diligent request for available records from the relevant educational institution. See Tompkins v. State, 994 So. 2d 1072, 1086 (Fla. 2008) (In order to prevail on a newly discovered evidence claim, "the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of diligence."); Demps v. State, 515 So. 2d 196, 198 (Fla. 1987) ("[I]ssues [which] could have and should

---

[1] As the motion below was filed more than two years after the judgment and sentence became final, Ramirez was required to show "the facts on which the claim is predicated were unknown to [him] or [his] attorney and could not have been ascertained by the exercise of due diligence" in order for the motion to be untethered by the rule's underlying time restraints. See Fla. R. Crim. P. 3.850(b)(1) ("No other motion shall be filed or considered pursuant to this rule if filed more than [two] years after the judgment and sentence become final unless it alleges that: (1) the facts on which the claim is predicated were unknown to [him] or [his] attorney and could not have been ascertained by the exercise of due diligence.").

2

have been raised either on direct appeal or in [the defendant's] first request for post conviction relief . . . are . . . procedurally barred.") (citations omitted); see also Johnston v. State, 27 So. 3d 11, 22 (Fla. 2010) ("[T]here was no merit to [the defendant's] postconviction claim that information about Bunker's qualifications constituted newly discovered evidence in this case.") (citation omitted); Correll v. State, 698 So. 2d 522, 524 (Fla. 1997) ("[T]he evidence proffered by [the defendant] does not qualify as newly discovered evidence because it was discoverable at the time of trial. However, even if the evidence was not discoverable at the time of trial, the discrepancies between the level of education, training, and experience Bunker testified to at trial and the asserted level of education, training, and experience she actually had were not so great as to make any difference in the outcome of the case."). Accordingly, we affirm the well-reasoned order under review.

Affirmed.