519 So.2d 601 (1988)
Mark D. MIKENAS, Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 71129.
Supreme Court of Florida.
January 21, 1988.
Allan van Gestel, Joseph L. Cotter and Margaret R. Hinkle of Goodwin, Procter & Hoar, Boston, Mass., for petitioner.
Robert A. Butterworth, Atty. Gen. and Peggy A. Quince, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Mark Mikenas files this petition for writ of habeas corpus seeking to set aside the death sentence which has been imposed upon him. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Mikenas was convicted of the first-degree murder of Anthony Williams and the second-degree murder of his brother, Vito Mikenas. Following a verdict of guilty, the jury recommended the death penalty by a seven-to-five vote, and the trial judge imposed the death sentence. The judgment was affirmed, but the sentence was vacated because the trial judge had improperly considered a nonstatutory aggravating factor. Mikenas v. State, 367 So.2d 606 (Fla. 1978). The case was remanded for resentencing without further deliberations by a jury. A different trial judge reimposed the sentence of death, and this Court affirmed. Mikenas v. State, 407 So.2d 892 (Fla. 1981), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982).
The facts pertinent to the crime were set forth in our original opinion as follows:
On November 3, 1975, the appellant, Mark Mikenas, his brother, Vito Mikenas, and a friend, Mark Rinaldi, robbed a convenience store in Tampa, Florida. During the robbery the appellant carried a.38 caliber revolver. There were no customers in the store during the robbery. Upon entering the store, the appellant and his co-felons forced the lone store clerk into a back room of the building. Unknown to the robbers, Gary Barker, an auxiliary deputy sheriff, observed the robbery from a hidden position in the store. When an automobile unexpectedly arrived at the front of the store, appellant and his co-felons tried to exit the store through a back door. *602 Barker, with drawn pistol, stopped them and placed them under arrest.
Seconds later, Anthony Williams, an off-duty Tampa policeman in civilian attire, came into the store through the front door. Barker called to Williams for help and informed him that a robbery was underway. Immediately thereafter, appellant and Barker fired at each other with both missing. Barker later killed Vito and wounded the appellant as they ran towards the front of the store. As appellant was falling to the floor, he shot and killed Anthony Williams, the Tampa police officer. Ann Williams, the wife of Anthony Williams, herself a police officer in uniform, arrested appellant. Barker arrested Rinaldi.
367 So.2d at 607.
Mikenas claims that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court found reversible error where the jury was instructed to consider only statutorily enumerated mitigating circumstances and where the trial judge declined to consider nonstatutory mitigating circumstances. Mikenas is not barred from raising this claim since Hitchcock represented a sufficient change in the law to defeat the application of procedural default. Thompson v. Dugger, 515 So.2d 173 (Fla. 1987).
At the trial, Mikenas was not limited in his introduction of mitigating evidence. However, the comments of both counsel referred only to the statutory mitigating circumstances, and the court gave the jury substantially the same instruction on aggravating and mitigating circumstances which was deemed erroneous in Hitchcock. There is nothing in the record which indicates that the original trial judge was aware of the relevance of any nonstatutory mitigating evidence. Under the circumstances, we are compelled to conclude that a sentencing error occurred on the rationale of Hitchcock. Therefore, the only remaining question is whether such error can be considered harmless. Hitchcock; Delap v. Dugger, 513 So.2d 659 (Fla. 1987).
Mikenas argues that the jury heard considerable nonstatutory mitigating evidence, including the fact that Mikenas had pled guilty and expressed remorse, that the robbery had been planned because the participants needed food, that he had never fired a gun at a person before he fired or shot wildly over the head of the auxiliary sheriff, that he did not have a gun or even know his brother had a gun until about ten minutes before the robbery began, that shortly before his death he witnessed his brother being shot, and that his killing of Williams was arguably the result of a reflex. He further points to the fact that since the jury only voted seven to five for death, it would have taken only one changed vote to alter the recommendation. See Morgan v. State, 515 So.2d 975 (Fla. 1987).
Even though the weight of the nonstatutory mitigating evidence was limited by the absence of character evidence, by the same token the aggravating circumstances cannot be characterized as overwhelming. All of the aggravating circumstances were directly related to the murder itself except one which referred to the fact that Mikenas was on parole when he committed the crime. Considering the circumstances under which this crime was committed, we cannot say beyond a reasonable doubt that had the jury known that nonstatutory mitigating evidence could be considered, it would not have recommended life rather than death. Even though the second trial judge apparently knew that nonstatutory mitigating evidence could be considered, we are also unable to conclude beyond a reasonable doubt that an override would have been authorized even if the judge had decided not to follow a life recommendation. Therefore, we vacate the sentence of death and remand the case for a new sentencing proceeding before a jury.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.