524 So.2d 419 (1988)
William Thomas ZEIGLER, Jr., Petitioner,
v.
Richard L. DUGGER, Etc., Respondent.
No. 71463.
Supreme Court of Florida.
April 7, 1988.
Rehearing Denied June 1, 1988.
*420 Steven L. Winter, University of Miami Law School, Coral Gables, Florida; and Samuel W. Murphy, Jr., New York City, for petitioner.
Robert A. Butterworth, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
William Thomas Zeigler, Jr., files this petition for writ of habeas corpus seeking to set aside the death sentence which has been imposed upon him. We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Zeigler was convicted of two counts of murder in the first-degree and two counts of murder in the second-degree, all arising out of the scheme by which he planned to kill his wife in order to collect her life insurance. The jury recommended life imprisonment. However, the judge overruled the recommendation and imposed the sentence of death for the two counts of first-degree murder. This Court affirmed in Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982).
Zeigler claims that he is entitled to relief under Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), in which the United States Supreme Court found reversible error where the jury was instructed to consider only statutorily enumerated mitigating circumstances and where the trial judge declined to consider nonstatutory mitigating circumstances. Even though Zeigler unsuccessfully sought to raise this issue in prior proceedings, Zeigler v. State, 452 So.2d 537 (Fla. 1984), State v. Zeigler, 494 So.2d 957 (Fla. 1986), he is not barred from raising the claim at this time since the United States Supreme Court's ruling in Hitchcock represented a sufficient change in the law so as to defeat the application of procedural default. Mikenas v. Dugger, 519 So.2d 601 (Fla. 1988); Thompson v. Dugger, 515 So.2d 173 (Fla. 1987).
The trial judge in this case was the same judge who presided at the Hitchcock trial. The judge gave the jury essentially the same instruction on aggravating and mitigating circumstances which was deemed erroneous in Hitchcock. Thus, the judge instructed the jury that the mitigating circumstances which it could consider were those itemized in the statute, and there was no mention of nonstatutory mitigating circumstances. Presumably, this error, standing by itself, did not prejudice Zeigler since the jury returned a recommendation of life imprisonment. However, the trial judge overrode the jury recommendation and sentenced Zeigler to death.
Unless there is something in the record to suggest to the contrary, it may be presumed that the judge's perception of the law coincided with the manner in which the jury was instructed. Rather than suggesting otherwise, there are further indications that at the time of the sentencing the judge believed that he was supposed to consider only statutory mitigating circumstances. Thus, in pronouncing sentence, he stated:
Notwithstanding the recommendation of a majority of the Jury, this court, after weighing the aggravating and mitigating circumstances, finds that sufficient aggravating circumstances exist as enumerated in Florida Statutes 921.141(5) and there are insufficient mitigating circumstances as enumerated in subsection 6 of that statute to outweigh the aggravating circumstances.
Thereafter, the judge issued written findings of fact supporting the death sentences in which there was no reference to nonstatutory mitigating circumstances. In such findings, the judge stated:
[I]t is recognized that the Florida Supreme Court has set forth, in addition to the enumerated statutory factors relative *421 to "aggravating" and "mitigating" circumstances, the admonishment that "... in order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ." Tedder v. State, 322 So.2d 908, 910 (1975). In following the statute (Fla. Stat. 921.141), the trial judge is directed to weigh the statutory aggravating and mitigating circumstances when determining the appropriate sentence to be imposed in light of all the facts adduced. In short, the trial judge must justify imposition of a sentence of death, which must be in writing, applying the facts of the case to legislatively mandated criteria.
At an evidentiary hearing held several years later concerning allegations of judicial bias, the judge was asked why he decided to override the jury recommendation of life and instead to impose death. He responded that:
After considering all of the evidence and weighing it in my mind and the testimony and the culpability, all the requirements the statute imposes of mitigating, you know, aggravating and mitigating circumstances. I listed them.
Thus, there was every indication that at the time of sentencing the trial judge believed that nonstatutory mitigating evidence was not a proper consideration. There was enough nonstatutory mitigating evidence introduced at the penalty phase proceeding that we are unable to say whether the judge's decision might have been different had he realized that nonstatutory mitigating circumstances were pertinent. On the record in this case, we cannot say that the principle of harmless error applies.
We vacate the sentence of death, but because the jury has already rendered an advisory verdict of life imprisonment, the new sentencing proceeding need only be conducted before the judge. However, both parties should be permitted to introduce any pertinent evidence to assist the judge in the sentencing decision. Since the original trial judge now occupies a position of a federal district judge, the matter will necessarily have to be assigned to a new judge.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., dissents with an opinion.
McDONALD, Chief Justice, dissenting.
Today, the Court improvidently grants relief to Ziegler by directing a new sentencing hearing. The basis for the order is the majority's assumption that the sentencing trial judge failed to factor in nonstatutory mitigating evidence when he pronounced the death sentence. Zeigler, once again, is in effect claiming a Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), violation. On two prior occasions we have held that this claim is procedurally barred. Zeigler v. State, 452 So.2d 537, 539 (Fla. 1984), and State v. Zeigler, 494 So.2d 957, 958 (Fla. 1986).
Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), does not affect our holding that a Lockett claim is procedurally barred. Although Hitchcock represented a change in the law on the necessary charge to the jury (which matters not in this case because of Zeigler's jury's recommendation of life), it was not a change of law that a sentencing judge must consider nonstatutory mitigating circumstances. That came with Lockett. This claim could have been raised at the original trial and is still procedurally barred.
I further note that at a prior 3.850 hearing in which Zeigler unsuccessfully sought to show actual prejudice of the sentencing judge, the judge made it plain that he imposed the death penalty because Zeigler killed four people. However nice a person Zeigler may have been before these killings does not change or mitigate those facts and *422 is reason alone to reject character witnesses and a jury's recommendation of life.
Zeigler's latest claim should be denied.