BARKETT, Justice,
specially concurring.
I concur with the majority’s conclusion that an evidentiary hearing is warranted on Heiney’s claim of ineffective assistance of counsel. However, I would additionally reverse on the basis of Hitchcock v. Dugger, 481 U.S. 393,107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), for I cannot agree that the Hitchcock error was harmless.
I cannot consider the error harmless where the judge, in rejecting the jury’s recommendation of life, has operated under an erroneous standard. Zeigler v. Dugger, 524 So.2d 419, 420-21 (Fla.1988). Here, the judge departed from that recommendation based on the constitutionally unlawful belief that he could not consider mitigating factors beyond those listed in the statute. This fact alone raises a presumption of harmful error. Id.
*401 The doctrine announced in Tedder v. State, 322 So.2d 908 (Fla.1975), requires that the judge adhere to the jury’s recommendation unless virtually no reasonable person could agree with it. We have held that this determination is based on whether the record contains sufficient mitigating evidence to render the jury’s recommendation reasonable. Fead v. State, 512 So.2d 176, 178 (Fla.1987), receded from in part, Pentecost v. State, 545 So.2d 861, 863 n. 3 (Fla.1989); Ferry v. State, 507 So.2d 1373, 1376 (Fla.1987).
The present record discloses evidence of extreme alcohol and substance abuse that could have formed the basis of the jury’s recommendation in this instance, as it lawfully has in other cases. E.g., Waterhouse v. State, 522 So.2d 341 (Fla.), cert. denied, — U.S. -, 109 S.Ct. 123, 102 L.Ed.2d 97 and cert. denied, — U.S. -, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988); Foster v. State, 518 So.2d 901 (Fla.1987), cert. denied, 487 U.S. 1240, 108 S.Ct. 2914, 101 L.Ed.2d 945 (1988); Fead, 512 So.2d at 178; Barbera v. State, 505 So.2d 413 (Fla.1987); Norris v. State, 429 So.2d 688 (Fla.1983); Amazon v. State, 487 So.2d 8 (Fla.), cert. denied, 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). There also was evidence of cooperation with police and of Heiney’s remorse and nonviolence. From this evidence, a jury reasonably might have concluded that Heiney was capable of rehabilitation and of living a productive life within the prison system, which constitutes valid mitigation. Fead; McCampbell v. State, 421 So.2d 1072 (Fla.1982). Moreover, the victim’s wife testified that her husband habitually became violent when drunk, lending credence to Heiney’s contention that the death resulted from an argument. I believe this constitutes additional evidence in mitigation. The trial judge failed to consider any of this evidence, mistakenly believing that he could not do so. I cannot conclude that this was harmless error.
KOGAN, J., concurs