654 So.2d 1162 (1995)
William Thomas ZEIGLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84066.
Supreme Court of Florida.
April 13, 1995.
Rehearing Denied May 23, 1995.
Dennis H. Tracey, III and John Houston Pope, Davis, Scott, Weber & Edwards, P.C., New York City, for appellant.
Robert A. Butterworth, Atty. Gen., and Kenneth S. Nunnelley, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
William Thomas Zeigler, Jr., a prisoner under two sentences of death, appeals the *1163 trial court's denial of postconviction relief. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla.R.Crim.P. 3.850.
In 1976, Zeigler was convicted of the first-degree murders of Eunice Zeigler, his wife, and Charlie Mays, a friend, and the second-degree murders of his in-laws, Perry and Virginia Edwards. The trial judge overrode the jury's recommendation of life imprisonment and imposed two death sentences. The facts of the murders are set out in Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982), in which we affirmed Zeigler's convictions and sentences of death.
Zeigler subsequently pursued postconviction relief. See Zeigler v. State, 452 So.2d 537 (Fla. 1984) (remanded for an evidentiary hearing on claim of judicial bias); Zeigler v. State, 473 So.2d 203 (Fla. 1985) (affirmed trial court's denial of judicial bias claim); State v. Zeigler, 494 So.2d 957 (Fla. 1986) (reversed trial court's order which had granted an evidentiary hearing on claim that the trial judge did not consider nonstatutory mitigating circumstances). Zeigler then petitioned this Court for habeas corpus relief. We ordered resentencing, holding that the trial judge did not realize that the nonstatutory mitigating evidence was pertinent. Zeigler v. Dugger, 524 So.2d 419 (Fla. 1988).
Resentencing occurred in August of 1989. The trial court (presided over by a different judge because the original trial judge was unavailable) again overrode the jury's recommendation of life and imposed two death sentences. We affirmed the sentences on appeal. Zeigler v. State, 580 So.2d 127 (Fla. 1991), cert. denied, 502 U.S. 946, 112 S.Ct. 390, 116 L.Ed.2d 340 (1991). Thereafter, we affirmed the denial of a postconviction motion which had been pending during resentencing. Zeigler v. State, 632 So.2d 48 (Fla. 1993), cert. denied, ___ U.S. ___, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994). This motion only addressed issues arising out of the conviction phase.
Zeigler then filed the instant postconviction motion seeking to vacate the death sentences imposed on resentencing. The motion raised the following issues: (1) Zeigler was improperly precluded at the resentencing hearing from introducing evidence that was relevant to the mitigating and aggravating factors; (2) this Court failed to consider residual doubt; (3) the resentencing court's override of the jury recommendation of life was unconstitutional; (4) this Court failed to conduct a meaningful appellate review of the jury override; (5) this Court failed to conduct a proportionality review; (6) the "previous conviction of a violent felony" aggravator is vague and was inconsistently applied; (7) there was insufficient evidence to support the "avoiding lawful arrest" aggravator; (8) the "pecuniary gain" aggravator unconstitutionally doubles the factor "avoiding arrest"; (9) the "heinous, atrocious and cruel" aggravator was not limited and was applied inconsistently and arbitrarily; (10) actual innocence; and (11) Florida's system of capital punishment is unconstitutional. The 3.850 motion included a footnote which purported to reserve the right to file a subsequent postconviction claim based on ineffective assistance of counsel at resentencing because the current postconviction counsel was also Zeigler's counsel at resentencing.
At the hearing on the 3.850 motion, Zeigler also filed a motion for release of evidence and appointment of an expert, which requested that the bloodstain evidence introduced at his trial be re-examined utilizing modern DNA testing procedures. The motion asserted that Zeigler was deprived of a meaningful opportunity to analyze the State's forensic evidence under the forensic technology available in 1976, due, in part, to the State's failure to subtype the bloodstain evidence. Because three of the victims, Charles Mays, Eunice Zeigler, and Perry Edwards, shared the same blood type, Zeigler argued that DNA testing methods currently available may establish that the bloodstains on May's clothing were from Eunice Zeigler or Edwards. Zeigler contended that such evidence would corroborate his trial testimony that Eunice Zeigler and Edwards were murdered during the course of a robbery committed by Mays and others and rebut the State's theory regarding the murders. Zeigler further argued that DNA testing may rebut the State's hypothesis that the type "A" bloodstains *1164 found on Zeigler's clothing originated from a struggle with Mays or Edwards.
The trial court denied the 3.850 motion, holding that all of Zeigler's claims were either inappropriate or were or should have been raised on direct appeal. Noting that DNA typing was recognized in this state as a valid test in 1988 in Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988), review denied, 542 So.2d 1332 (Fla. 1989), the court ruled that Zeigler's motion for DNA testing was time barred because Zeigler failed to request DNA testing in his postconviction motion pending in 1991. The court also determined that Zeigler's attempt to reserve the right to file a future postconviction motion alleging ineffective assistance of counsel was improper and held that it would not entertain such a postconviction motion in the future.
Zeigler argues on appeal that his due process rights were violated when the trial court denied his request for DNA testing because the tests might reveal exculpatory evidence establishing his innocence. Asserting that DNA typing was unavailable to him at trial or before the deadline to file a challenge to his conviction, Zeigler argues that his request was not time barred. Zeigler contends that it was reasonable for him to wait to request DNA testing until DNA evidence was given scientific sanction and standards were established regarding the admissibility of the specific DNA typing technique that he requested be used in his case.
Zeigler asserts that the DNA testing method that would most likely be used in his case is the polymerase chain reaction method (the PCR method), a method that is preferred when the DNA sample is very small or very degraded. Contending that the PCR method was just coming into use when Andrews was decided and that Andrews ruled solely on the admissibility of the restriction fragment length polymorphism method (the RFLP method) of DNA testing, Zeigler asserts that he was therefore justified in waiting until now to request DNA testing.
We agree with the trial court that Zeigler's DNA claim is procedurally barred. Assuming for the sake of argument that the more sophisticated PCR method was not in use when Andrews was decided, Zeigler concedes that the method was available in 1991. Therefore, he should have raised the claim in his pending motion for postconviction relief in order to avoid the procedural bar of successive motions. Instead, he waited in excess of two years before first raising the claim in 1994. See Adams v. State, 543 So.2d 1244 (Fla. 1989) (motions for postconviction relief based on newly discovered evidence must be raised within two years of such discovery).
Even if there were no procedural bar, we do not believe that Zeigler has presented a scenario under which new evidence resulting from DNA typing would have affected the outcome of the case. Zeigler admitted that he was at the scene of the crime, and there is no dispute that his blood as well as the blood of the four victims was present at the crime scene. The State's case was not entirely circumstantial, and in order to accept Zeigler's theory of the case, the jury would have had to disbelieve at least three witnesses who testified at the trial. Zeigler's request for DNA typing is based on mere speculation and he has failed to present a reasonable hypothesis for how the new evidence would have probably resulted in a finding of innocence. See Jones v. State, 591 So.2d 911, 915 (Fla. 1991) (The standard for a new trial based on newly discovered evidence is whether the evidence "would probably produce an acquittal on retrial."). Acknowledging that the issue before us is whether Zeigler should be allowed to subject the evidence to DNA testing rather than whether he should be granted a new trial based on newly discovered DNA evidence, we find that even if the DNA results comported with the scenario most favorable to Zeigler, he still would not have been able to show that the evidence would have probably produced an acquittal.
With respect to the remainder of Zeigler's claims, it must be remembered that "[p]roceedings under rule 3.850 are not to be used as a second appeal; nor is it appropriate to use a different argument to relitigate the same issue." Torres-Arboleda v. Dugger, 636 So.2d 1321, 1323 (Fla. 1994). All of Zeigler's remaining claims are procedurally *1165 barred because they either were or should have been raised in previous proceedings.
Accordingly, we affirm the order denying Zeigler's motion for postconviction relief and his motion for release of evidence for DNA testing. However, we find the trial court's determination that Zeigler may not file a further postconviction motion raising ineffective assistance of counsel issues to be premature.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.