832 So.2d 835 (2002)
Wilton DEDGE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1199.
District Court of Appeal of Florida, Fifth District.
November 15, 2002.
Rehearing Denied December 26, 2002.
Milton Hirsch of Hirsch & Markus, LLP, Miami, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Wilton Dedge appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion in which he sought to have his convictions and sentences vacated based on newly discovered evidence, to wit: DNA test results. We affirm without prejudice to Dedge filing a proper motion under Florida Rule of Criminal Procedure 3.853.
In 1984, Dedge was tried and convicted of burglary, two counts of sexual battery and aggravated assault. Dedge's convictions were affirmed on appeal in Dedge v. State, 479 So.2d 882 (Fla. 5th DCA 1985). In 1997, more than ten years after his convictions were final, Dedge filed a motion *836 pursuant to Florida Rule of Criminal Procedure 3.850 seeking DNA testing. The trial court denied that motion as time-barred, and this court per curiam affirmed. See Dedge v. State, 723 So.2d 322 (Fla. 5th DCA 1998).
However, Dedge then filed a motion for release of evidence for DNA testing, ostensibly for the purpose of supporting Dedge's application for executive clemency, not for the purpose of overturning his conviction. The trial court granted the motion and, when the test results were received, Dedge filed the current rule 3.850 motion, arguing that the results of the DNA tests constituted newly discovered evidence and categorically established that he was not guilty. Nonetheless, the trial court again denied the motion as time-barred, relying on Zeigler v. State, 654 So.2d 1162 (Fla.1995), in which the Florida Supreme Court held that a similar motion was time-barred and successive.
After Dedge's DNA test results were received, but before he filed the current rule 3.850 motion, the Florida Supreme Court enacted Florida Rule of Criminal Procedure 3.853, which allows postconviction motions for DNA testing and provides that a rule 3.850 motion which is based solely on the results of court-ordered DNA testing obtained under rule 3.853 is to be treated as raising a claim of newly discovered evidence. Fla. R.Crim. P. 3.853(d)(2). Rule 3.853 supersedes Zeigler. See Amendment to Florida Rules of Criminal Procedure 3.853, 807 So.2d 633, 636 n. 1 (Fla.2001) (Anstead, J., concurring in part and dissenting in part) (noting that rule 3.853 and Chapter 2001-97, Laws of Florida, on which the rule is based, supersede the court's earlier decision in Zeigler). Accordingly, the trial court's reliance on Zeigler was misplaced. Furthermore, the law of the case doctrine is inapplicable in the instant case because there has been intervening legislative action and intervening decisions of higher courts since the denial of Dedge's prior rule 3.850 motion. See, e.g., McBride v. State, 810 So.2d 1019, 1022 n. 3 (Fla. 5th DCA 2002); Dicks ex rel. Montgomery v. Jenne, 740 So.2d 576, 578 (Fla. 4th DCA 1999).
Nonetheless, as the State points out, Dedge's motion for DNA testing did not comply with the requirements of rule 3.853 and therefore the provision extending the time limit for filing a rule 3.850 motion raising DNA test results ordered pursuant to the rule does not apply. Thus, we affirm the trial court's denial of Dedge's rule 3.850 motion, without prejudice to Dedge to file a rule 3.853 motion which contains the required information.[1]See Fla. R.Crim. P. 3.853(b).
AFFIRMED WITHOUT PREJUDICE.
PALMER, J., concurs.
SHARP, W., J., concurs and concurs specially, with opinion.
SHARP, W., J., concurring and concurring specially.
Finally, the Legislature has provided a limited remedy for convicted persons to seek to exonerate themselves by resort to DNA evidence, section 925.11, which the courts have not done. Dedge v. State, 723 So.2d 322 (Fla. 5th DCA 1998) (Sharp, W., dissenting). See also Amendment to Florida Rules of Criminal Procedure Creating Rule 3.853, 807 So.2d 633 (Fla.2001) (Anstead, concurring in part and dissenting in part).
*837 The legislative remedy is limited in time: a two year window from the date this statute was enacted on October 1, 2001, for persons convicted prior to the date of the statute. § 925.11(1)(b)1.[1] A person seeking this remedy must file a timely petition with the required allegations and information. § 925.11; Rule 3.853. Compliance is essential, since at this point, arguments based on due process and fundamental fairness have not succeeded in this state.
It is also crucial that the movant strictly follow the substantive requirements of Florida Rule of Criminal Procedure 3.853. If this rule is not strictly complied with, the motion will be denied, as occurred in this case. See also Coombs v. State, 824 So.2d 958 (Fla. 3d DCA 2002); Galloway v. State, 802 So.2d 1173 (Fla. 1st DCA 2001) Specifically, a Rule 3.853 motion must be under oath and must include the following:
(1) a statement of the facts relied on, including a description of the physical evidence containing DNA to be tested, and, if known, the present or last known location of the evidence, and how it was originally obtained;
(2) a statement that the evidence was not previous tested for DNA, or

a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;

(3) a statement that the movant is innocent, and a statement how the DNA testing requested will exonerate the movant of the crime for which he was sentenced, or

a statement how the DNA testing will mitigate the sentence;
(4) a statement that identification of the movant is a genuinely disputed issue, and why it is an issue, or

an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence;
(5) a statement of any other facts relevant to the motion; and
(6) a certificate that a copy of the motion has been served on the prosecuting authority.
NOTES
[1] Our case is clearly distinguishable from Knighten v. State, 829 So.2d 249 (Fla. 2d DCA 2002), because in Knighten, the defendant had filed a motion pursuant to rule 3.853, while in our case, Dedge has not filed a rule 3.853 motion and we are giving him leave to do so.
[1] § 925.11(1)(b)1, provides:

Within 2 years following the date that the judgment and sentence in the case becomes final if direct appeal is taken, within 2 years following the date that the conviction is affirmed on direct appeal if a direct appeal is taken, within 2 years following the date that collateral counsel is appointed or retained subsequent to the conviction being affirmed on direct appeal in a capital case, or by October 1, 2003, whichever occurs later....